**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| EMERSON ELECTRIC CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 17-1846-LPS |
| v. | ) | |
| | ) | |
| EMERSON QUIET KOOL CO. LTD., and | ) | |
| HOME EASY LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
Alan R. Silverstein (#5066)
POTTER ANDERSON & CORROON LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com
asilverstein@potteranderson.com

Dated: March 2, 2018                     *Attorneys for Defendants*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..........................................................................................1

FACTUAL ALLEGATIONS OF THE COMPLAINT ...................................................2

HISTORY OF THE EMERSON QUIET KOOL MARK ...............................................2

ARGUMENT .................................................................................................................5

      A.    Legal Standard ...............................................................................................5

      B.    Plaintiff Consented To The Use Of The Mark............................................6

      C.    Plaintiff's Claims Are Barred By The Doctrine of Laches ....................8

      D.    Plaintiff's Unfair Competition Claims Must Also Fail For Lack Of Standing......10

      E.    Plaintiff Failed To Allege Abandonment..................................................12

      F.    All Of Plaintiff's Remaining Claims Fail Because Defendant Is The Lawful Owner Of The Emerson Quiet Kool Trademark ......................................14

CONCLUSION................................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

CASES

Page(s)

*Accenture Global Svcs. GmbH v. Guidewire Software Inc.*,
   581 F. Supp. 2d 654 ...........................................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...........................................................................................6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ..........................................................................................6

*Eh Yacht, LLC v. Egg Harbor, LLC*,
   84 F. Supp. 2d 556 (D.N.J. 2000) .....................................................................6

*Emrich v. Touche Ross & Co.*,
   846 F.2d 1190 (9th Cir. 1988) ...........................................................................3

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009) ..............................................................................6

*Hanna v. U.S. Veteran's Admin. Hosp.*,
   514 F.3d 1092 (3d Cir. 1975) ............................................................................9

*Lexmark Intl, Inc. v. Static Control Components, Inc.*,
   __U.S. __, 134 S. Ct. 1377 (2014) ..............................................................10, 11

*Livery Coach Solutions, L.L.C. v. Music Express/East, Inc.*,
   245 F. Supp. 3d 639, 648-649 (D. Del. 2017) .................................................12

*Military Cert. Residential Specialist LLC v. Fairway Ind. Mortg. Corp.*,
   251 F. Supp. 3d ................................................................................................14

*Nespresso USA, Inc. v. Ethical Coffee Company SA, Lexmark*,
   No. 16-194-GMS, 2017 WL 3021066 (D. Del. July 14, 2017) .......................11

*Parks LLC v. Tyson Foods, Inc.*,
   863 F.3d 220 (3d Cir. 2017).............................................................................10

*Pension Ben. Guar. Corp. v. White Consol. Indus.*,
   998 F.2d 1192 (3d Cir. 1993)........................................................................3, 6

*Reklam v. Bellator Sport Worldwide LLC*,
   No. 16-285-JFB-SRF, 2017 WL 5172397 (D. Del. Nov. 8, 2017)...................7

*Sanofi-Aventis v. Advancis Pharmaceutical Corp.*,
   453 F. Supp. 2d 834 (D. Del. 2006)..................................................................................9, 14

*Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*,
   401 F.3d 123 (3d Cir. 2005)...........................................................................................9, 10

*Solow Bldg. Co., LLC v. Nine West Grp., Inc.*,
   2001 WL 736794 (S.D.N.Y. June 29, 2001) ........................................................................9

*Three Rivers Confections, LLC v. Warman*,
   660 F. App'x 103 (3d Cir. 2016) .........................................................................................12

*Watterson v. Page*,
   987 F.2d 1 (1st Cir. 1993)......................................................................................................3

**STATUTES**

                                                                                                                                **Page(s)**

6 DEL. C. § 2532 ......................................................................................................................5, 11

6 DEL. C. § 3313 ...........................................................................................................................5

15 U.S.C. § 1072 ..........................................................................................................................10

15 U.S.C. § 1114 ............................................................................................................................5

15 U.S.C. § 1125(a)(1)(A) .............................................................................................................5

15 U.S.C. § 1125(c) .......................................................................................................................5

15 U.S.C. § 1125(d) ..................................................................................................................5, 14

15 U.S.C. § 1127 ..........................................................................................................................12

**RULES**

                                                                                                                                **Page(s)**

FED. R. CIV. P. 12(b)(6) ...........................................................................................................5, 6, 9

Defendants Emerson Quiet Kool. Co. Ltd. ("EQK") and Home Easy Ltd. ("Home Easy") (collectively "Defendants") respectfully submit this Opening Brief in support of their motion to dismiss the Complaint (D.I. 1) in its entirety with prejudice.

## PRELIMINARY STATEMENT

Plaintiff Emerson Electric Co. ("Plaintiff" or "Emerson Electric") brings this action in an attempt to claw back the consent it granted to Defendants' predecessors to use the EMERSON QUIET KOOL mark.  Defendant EQK, however, is both the successor to the goodwill and trademarks of Emerson Quiet Kool Corp. and the owner of the registered trademark, EMERSON QUIET KOOL (Registration No. 4,688,893).  Ex. A.  Plaintiff's Complaint, therefore, falls short of stating a claim upon which relief can be granted.

First, Emerson Electric consented to the use of the EMERSON QUIET KOOL mark. EQK acquired the mark and all associated goodwill from its predecessors in interest and is a proper assignee of Emerson Electric's consent.

Second, to the extent that Emerson Electric purports to suffer harm by any likelihood of confusion between EMERSON QUIET KOOL and its own "Emerson" marks, Emerson Electric, and the EMERSON QUIET KOOL brand have coexisted in the marketplace for at least 68 years. Plaintiff's Complaint ignores the fundamental unfairness of its position and the application of principles of laches and estoppel.

Third, Emerson Electric does not sell air conditioners or dehumidifiers, or otherwise compete with Defendants.  Unfair competition provides a remedy only to commercial competitors.  Because Emerson Electric suffers no financial damage or damage to its reputation, it lacks standing to complain about EQK's marketing practices.

Fourth, Emerson Electric's claims are, at their core, based on a claim of abandonment.  A plaintiff seeking to establish abandonment must prove lack of use and intent not to resume use.

Plaintiff fails to allege a single fact in support of its allegation; undoubtedly because the public record — of which this Court may take judicial notice — establishes exactly the opposite.

In short, Plaintiff fails to allege a plausible basis for any claim that EQK does not have the rights as the owner of the valuable goodwill in the EMERSON QUIET KOOL trademark to exploit the commercial value of the brand. Thus, the Complaint should be dismissed.

## FACTUAL ALLEGATIONS OF THE COMPLAINT

Emerson Electric brings this action based on Defendants' offering and sale of air conditioners under the EMERSON QUIET KOOL trademark. Plaintiff alleges that Defendants EQK and Home Easy distribute "dehumidifiers and air conditioning products" under the EMERSON QUIET KOOL mark from their offices in Fairfield, New Jersey. Compl. at ¶¶ 23-28. Emerson Electric alleges that it is a provider of "products that play a significant role in the temperature, humidity level and overall comfort of the home, such as air circulators, fans, air conditioning compressors, HVAC controls, humidifies, humidifying products and thermostats." Compl. at ¶ 7. While Emerson Electric characterizes its products to sound the same as those sold by Defendant, it does not allege that it offers or sells air conditioners, dehumidifiers or other products that directly compete with Defendants. Plaintiff also makes extensive, but irrelevant, allegations concerning the strength of the Emerson Electric marks. *Id*. at ¶¶ 7-20.

## HISTORY OF THE EMERSON QUIET KOOL MARK

EQK is the owner of a federal trademark registration in EMERSON QUIET KOOL (No. 4,688,893, Ex. A) (Compl. ¶¶ 32-33) which tacks to a first use in commerce in January 1949 (*see* Certif. No. 1,119,176, Ex. B). An entity known as Emerson Quiet Kool received its federal registration for EMERSON QUIET KOOL in 1979, alleging a first use in commerce of 1949.[1]

---

[1] The filing and assignment history of the EMERSON QUIET KOOL trademark is based on an examination of the dockets of the United States Patent and Trademark Office and the United States

Beginning in 1983, the EMERSON QUIET KOOL brand was the subject of a number of transactions in which the goodwill and trademarks were assigned to successor corporations. In 2008, after the goodwill and marks were transferred to air conditioning manufacturer Fedders North America, Inc., the goodwill and marks were included in a bankruptcy court-approved asset sale to Airwell Hong Kong Technologies Ltd. ("Airwell"), which acquired the marks and goodwill free and clear of any prior liens or interests. Exs. C-D

In 2009, Emerson Electric filed a cancellation proceeding with the USPTO alleging abandonment of the EMERSON QUIET KOOL mark. Ex. E. Airwell, as the then owner of the mark, defended the matter and it was resolved by a consent agreement (attached as Ex. H to the Complaint, the "Consent Agreement"), and the cancellation petition was withdrawn. The Consent Agreement covered the use of EMERSON QUIET KOOL (defined as the "Airwell Mark") and the "Airwell Goods," defined as "portable compact residential window and wall room air conditioning units." Consent Agreement at ¶ 1.

Pursuant to the Consent Agreement:

> Emerson hereby consents to registration of the Airwell Mark in the Airwell Application and to use of the Airwell Mark, in connection with the Airwell Goods, in light of the following:
>
> a. The Airwell Mark and the Emerson Marks are, or can be made to be, sufficiently different in their entireties as to appearance and commercial impression, when taken with the differences between the distinct goods and/or services, such that there is no likelihood of confusion;

---

Bankruptcy Court for the District of Delaware. Plaintiff raises the issue of the registration and transfer history as a central aspect of its Complaint. Under the circumstances, such undisputed public records raised by the allegations of the Complaint are properly considered on a motion to dismiss. *Pension Ben. Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993) (on motion to dismiss, court considers allegations in complaint, attached documents and matters of public record); *Watterson v. Page,* 987 F.2d 1, 3-4 (1st Cir. 1993) (public documents relevant to allegations of complaint are considered on motion to dismiss); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988) (matters of general public record considered.)

      b. The Airwell Goods and Emerson's respective goods and/or services are sufficiently different when used in connection with their respective marks.

Consent Agreement at ¶ 5.  Paragraph 8 of the Consent Agreement allows the rights provided under the agreement to be assigned.

In March 2010, Airwell filed an application for a new registration of EMERSON QUIET KOOL for air conditioners on an intent to use basis. Ex. F.[2]  In March 2012, Fedders Hong Kong transferred the marks and goodwill to Elco Holland BV which then assigned the same to American Ductless AC Corp., which in turn transferred the marks and goodwill to its own affiliate, EQK in 2017. Between April 2011 and June 2014, Fedders Hong Kong and Elco Holland litigated two challenges to the second EMERSON QUIET KOOL registration.  Ex. G.

The following chart shows the assignment history of the EMERSON QUIET KOOL mark.

| Assignor | Assignee | Date Recorded | Type |
|---|---|---|---|
| National Union Electric Corp. | Emerson Quiet Kool Corp. | 11/4/1983 | Assigns the Entire Interest and the Goodwill |
| Emerson Quiet Kool Corp. | Jepson Corporation | 4/30/1990 | Merger |
| Jepson Corporation | Falcon Manufacturing Inc. | 9/27/1991 | Name Change |
| Falcon Manufacturing Inc. | Fedders North America | 9/27/1991 | Assigns the Entire Interest and the Goodwill |
| Fedders North America | Airwell Hong Kong Technologies Limited | 7/8/2008 | Assigns the Entire Interest and the Goodwill |

---

[2] The 1977 registration of EMERSON QUIET KOOL was cancelled in June 2010 for non-renewal.  The reasons for the cancellation are not apparent from the record, although the fact that the new registration preceded the cancellation of the prior registration strongly rebuts any presumption that any period of non-use occurred with the intent to not resume use.

| Assignor | Assignee | Date Recorded | Type |
|---|---|---|---|
| Fedders Hong Co. Ltd. (f/k/a Airwell Hong Kong Technologies Limited) (Registration No. 4,688,893) | Elco Holland BV | 12/14/2012 | Assigns the Entire Interest and the Goodwill |
| Elco Holland BV | American Ductless AC Corp | 10/21/2014 | Assigns the Entire Interest and the Goodwill |
| American Ductless AC Corp | Emerson Quiet Kool Ltd | 2/6/2017 | Assigns the Entire Interest and the Goodwill |

## ARGUMENT

Defendants move to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), for failure to state a claim for which relief may be granted.  The Complaint alleges claims for (1) trademark infringement under 15 U.S.C. § 1114; (2) trademark infringement, unfair competition and false designation of origin under 15 U.S.C. § 1125(a)(1)(A); (3) trademark dilution under 15 U.S.C. § 1125(c); (4) violation of the anticybersquatting consumer protection act, 15 U.S.C. § 1125(d); (5) dilution under 6 Del. C. § 3313; (6) unfair competition under 6 Del. C. § 2532, (7) common law trademark infringement, unfair competition and misappropriation; (8) breach of contract; and (9) cancellation of Registration No. 4,688,893.  Plaintiff, however, having consented to the use of the EMERSON QUIET KOOL mark over eight years ago, has no plausible basis for the relief requested and its conclusory allegations do not withstand scrutiny.  The Complaint, therefore should be dismissed.

### A.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint, or portions of a complaint, for "failure to state a claim upon which relief can be granted."  Fed. R.

Civ. P. 12(b)(6).  When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept the complaint's well-pleaded factual allegations as true and construe such allegations in a light most favorable to the plaintiff.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  The Court is not, however, required to accept the plaintiff's legal conclusions.  *Id.*

The Court may dismiss a complaint if the facts alleged are insufficient "to show that the plaintiff has a 'plausible claim for relief.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  In *Bell Atlantic Corp. v. Twombly*, the Supreme Court observed that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  550 U.S. 544, 555 (2007).  For claims required to meet the notice pleading standard under Federal law, factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.*  Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The well-pleaded allegations of the complaint must move the claim "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  The court may consider "an undisputedly authentic document that a defendant attaches to a motion to dismiss if the plaintiff's claims are based on the document."  *Pension Ben. Guar. Corp.*, 998 F.2d at 1196.

**B.     Plaintiff Consented To The Use Of The Mark**

Emerson Electric admits that it entered into the Consent Agreement, whereby it consented to the "use and registration of EMERSON QUIET KOOL in connection with . . . 'portable compact residential window and wall room air conditioning units.'"  Compl. at ¶ 36.  Emerson Electric, however, then alleges, without any factual basis, that Defendants do not have rights under the Consent Agreement.  *Id.* at ¶¶ 38-39.

6

Plaintiff's argument is belied by its own allegations.  The application for the EMERSON QUIET KOOL mark was filed by Airwell.  Compl. at ¶ 32.  The Consent Agreement was entered into between Emerson Electric and Airwell.  Compl. at ¶ 36.  Emerson Electric also does not dispute that EKQ became the owner of the EMERSON QUIET KOOL "through a series of assignments."  Compl. ¶ 34.  Nor can Emerson Electric deny that the Consent Agreement expressly states that

> Either party may license or assign its respective rights hereunder, in whole or in part, provided that such license, agreement, or other agreement dos not conflict with the provisions of this Agreement and provided that the parties to the same ratify and expressly agree to be bound by the terms hereof.

Consent Agreement at ¶ 8.  Based on these undisputed facts, Defendants have the right to use the EMERSON QUIET KOOL mark pursuant to the Consent Agreement.

Emerson Electric also does not plausibly allege that Defendants have breached the terms of the Consent Agreement.  The Consent Agreement expressly permits the use of the EMERSON QUIET KOOL mark in connection with "portably compact residential window and wall room air conditioning units."  Consent Agreement at ¶ 1.  There is no factual allegation in the Complaint that Defendants are selling different products.  Instead, Emerson Electric merely states that Defendants are using the mark "in connection with products other than portable compact residential window and wall room air conditioning units."  Compl. at ¶ 42.  Plaintiff's breezy allegation, without factual support, is not sufficient to state a claim for relief and the breach of contract claim should, therefore, be dismissed.  *Reklam v. Bellator Sport Worldwide LLC*, No. 16-285-JFB-SRF, 2017 WL 5172397, at *4 (D. Del. Nov. 8, 2017), report and recommendation adopted, No. 16-285-JFB-SRF, 2017 WL 5985562 (D. Del. Dec. 1, 2017), (dismissing plaintiff's breach of contract claim because plaintiff pled only conclusory allegations); *Accenture Global*

*Svcs. GmbH v. Guidewire Software Inc.*, 581 F. Supp. 2d 654, 663 (D. Del. 2008 ("Accenture is not entitled to conduct a fishing expedition based upon such bare allegations….").

Similarly, because Defendants have Plaintiff's consent to use the mark, the remainder of Plaintiff's claims should also be dismissed.  It is obvious that if Defendants have the right to use the EMERSON QUIET KOOL mark under the Consent Agreement, then Defendants cannot infringe Plaintiff's trademarks, damage Plaintiff's business, or unfairly compete so long as Defendants' use of the mark is within the scope of the Consent Agreement.  As explained above, Plaintiff has alleged no plausible fact that Defendants are selling anything other than "portably compact residential window and wall room air conditioning units."  It also follows that Defendants have the right to use the mark for their website address.  Counts I through VIII should all be dismissed with prejudice.

### C.      Plaintiff's Claims Are Barred By The Doctrine Of Laches

The principal gist of Plaintiff's claims is that consumers will confuse EMERSON QUIET KOOL air conditioners with the products offered by Emerson Electric, and that the continued sale of EQK products creates a false affiliation between Emerson Electric and EQK.  Based on the long history between Emerson Electric and Defendants' predecessors to the EMERSON QUIET KOOL mark, Plaintiff's Lanham Act claims are barred by the doctrine of laches.

The decades-long use and registration of the EMERSON QUIET KOOL marks by Defendant EQK's predecessors-in-interest, including National Union Electric Corp.'s use since it was registered in 1979, establish, as a matter of law, that Plaintiff had actual knowledge of its claims well beyond the applicable three-year time period and inexcusably delayed in bring the action under the applicable statute of limitations.  Plaintiff (or its predecessor-in-interest) was obligated to bring this claim at least thirty years ago.

Because the Lanham Act does not include a specific statute of limitations, laches applies to bar stale claims. *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.,* 401 F.3d 123, 138 (3d Cir. 2005); *Sanofi-Aventis v. Advancis Pharmaceutical Corp.,* 453 F. Supp. 2d 834, 856 (D. Del. 2006). Laches bars a Lanham Act claim where there is "(1) inexcusable delay in bringing suit, and (2) prejudice to the defendant as a result of the delay." *Santana Prods., Inc.,* 401 F.3d at 138. "Inexcusable delay" for the purposes of laches is measured by looking to "the most analogous" state statute of limitations. *Id.* at 135. "Under Delaware law, the most appropriate time period is three years." *Sanofi-Aventis,* 453 F. Supp. 2d at 856. "Once the statute of limitations has expired, the defendant 'enjoys the benefit of a presumption of inexcusable delay and prejudice.'" *Santana Prods., Inc.,* 401 F.3d at 138-39 (quoting *E.E.O.C. v. Great Atl. & Pac. Tea Co.,* 735 F.2d 69, 80 (3d Cir. 1984)).

A laches defense may be raised by a Rule 12(b)(6) motion when "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Hanna v. U.S. Veteran's Admin. Hosp.,* 514 F.3d 1092, 1094 (3d Cir. 1975); *see also Solow Bldg. Co., LLC v. Nine West Grp., Inc.,* 2001 WL 736794, at *3 (S.D.N.Y. June 29, 2001) ("[W]hen the defense of laches is clear on the face of the complaint, and where it is clear that the plaintiff can prove no set of facts to avoid the insuperable bar, a court may consider the defense on a motion to dismiss."), *aff'd sub nom. Solow Bldg. Co., LLC v. Nine West Grp., Inc.,* 48 F. App'x 15 (2d Cir. 2002). The burden then shifts to the plaintiff to prove that its delay in bringing the claim was excusable, and that the delay did not prejudice the defendant. *See id.*; *Sanofi-Aventis,* 453 F. Supp. 2d at 856 (holding that "the plaintiff has the burden of proving both that delay was excusable and that it did not prejudice the defendant."). The Lanham Act expressly states that "[r]egistration of a mark on the principal register provided by this

chapter . . . shall be constructive notice of the registrant's claim of ownership thereof."  15 U.S.C. § 1072.

The long history between Emerson Electric and Defendants' predecessors to the EMERSON QUIET KOOL CORP mark (Compl. at ¶ 34) belies any claim that Plaintiff did not improperly delay before filing suit.  Emerson Electric alleges that the EMERSON QUIET KOOL mark was not used in commerce until May 2017 and that the brand "was inactive for many consecutive years preceding Emerson Quiet Kool's 2017 launch."  Compl. at ¶ 37.  Plaintiff's allegations, however, are based only on "information and belief."  In fact, EQK resumed production of products identified by the EMERSON QUIET KOOL mark by 2012.  Declaration of Isaac Xiao at ¶ 6.

Defendants would suffer extreme prejudice if Plaintiff were permitted to suddenly reverse course and claw back their consent to use of the EMERSON QUIET KOOL mark.  The success of EQK products demonstrates the value of the goodwill in the EMERSON QUIET KOOL brand.  In any event, the presumption of inexcusable delay and prejudice applies.  Therefore, the burden now shifts to Plaintiff to prove that its delay in bringing the claim was excusable, and that the delay did not prejudice Defendants.  *Santana Prods., Inc.*, 401 F.3d at 138-39.  This motion to dismiss should be granted in the absence of plausible such facts.

### D.      Plaintiff's Unfair Competition Claims Must Also Fail For Lack Of Standing

Putting aside the consent agreement, and Plaintiff's delay, Plaintiff's claims for trademark infringement, false designation or origin and false advertising fail because Emerson Electric is not a competitor and, therefore, lacks standing.

The Lanham Act creates two distinct bases of liability under § 1125(a), false association and false advertising.  *Parks LLC v. Tyson Foods, Inc.*, 863 F.3d 220, 225-226 (3d Cir. 2017) (citing *Lexmark Intl, Inc. v. Static Control Components, Inc.,* __U.S. __, 134 S. Ct. 1377, 1384

(2014)).  "Standing under the Lanham Act requires that a plaintiff: (1) allege an injury that falls within the zone of interests protected by the Lanham Act—an injury to a commercial interest in reputation or sales; and (2) allege that the 'economic or reputational injury flow[ ] directly from the deception wrought by the defendant's advertising,' which occurs 'when deception of consumers causes them to withhold trade from the plaintiff.'"  *Nespresso USA, Inc. v. Ethical Coffee Company SA*, *Lexmark*, No. 16-194-GMS, 2017 WL 3021066, at *3 (D. Del. July 14, 2017) (quoting *Lexmark Int'l, Inc.*, 134 S. Ct. at 1391).

Plaintiff's Complaint alleges in conclusory terms, by citing to a single webpage belonging to a third party, that the products sold under the EMERSON QUIET KOOL trademark have caused some confusion about an affiliation with Emerson Electric.  *See* Compl. at ¶ 44. However, Plaintiff fails to note that Defendants' webpage expressly states that:  "Emerson Quiet Kool is not connected with Emerson Radio or Emerson Electric."  Ex. H.  The website further states, "[t]he 'Emerson Quiet Kool' is registered with US Patent and Trademark Office. Registration No. 4,688,893."  *Id.*  With this conclusory allegation rejected, Plaintiff has not established any causal connection between the alleged infringement and any damage to Plaintiff. *See Nespresso USA, Inc.*, 2017 WL 3021066 at *4 ("There must be some facts in the pleadings that serve as links in the chain of inferences necessary to establish proximate cause under the Lanham Act.").

Moreover, as a non-competitor, Plaintiff has a much harder time proving that it has standing to complain of any advertising practices undertaken by Defendants, entities with which it does not directly compete.  *Lexmark Int'l, Inc.*, 134 S. Ct. at 1392.  Although the standard set forth in *Lexmark* does not represent a complete bar to standing in the absence of direct competition, Plaintiff also claims unfair competition under Delaware law, 6 Del. C. § 2532

11

(Count VI of the Complaint) and under Delaware law, direct competition is a prerequisite for standing. *Livery Coach Solutions, L.L.C. v. Music Express/East, Inc.*, 245 F. Supp. 3d 639, 648-649 (D. Del. 2017). Plaintiff readily acknowledges that it does not sell air conditioners or dehumidifiers. Compl. at ¶ 7. Combined with its failure to allege facts showing Defendants caused it damage, Plaintiffs' standing to prosecute the unfair completion claims ends with that admission.

###### E.     Plaintiff Failed To Allege Abandonment

Plaintiff's trademark causes of action are built in part on the faulty assumption that the EMERSON QUIET KOOL mark had been abandoned and thus the Consent Agreement is now void. Compl. at ¶ 40. Emerson Electric, however, fails to make out a plausible claim for abandonment. As a threshold matter, the Complaint contains only the general allegation that the EMERSON QUIET KOOL mark was "abandoned due to nonuse with intent not to resume use." Compl. at ¶ 111. Conspicuously missing are any facts that would support such an allegation. Second, the undisputable conduct of EQK and its predecessors demonstrate the clear intent to resume and continue the use of the EMERSON QUIET KOOL mark. Because EQK is the owner of a valid federally registered mark, it is afforded a nationwide right to use to the exclusive use of the mark and receives a presumption of ownership and validity.

Abandonment requires strict proof of non-use and intent to abandon. 15 U.S.C. § 1127; *Three Rivers Confections, LLC v. Warman*, 660 F. App'x 103, 109 (3d Cir. 2016), citing *U.S. Jaycees v. Phila. Jaycees*, 639 F.2d 134, 139 (3d Cir. 1981). Here, Plaintiff fails to allege any intent to abandon, and the public record demonstrates the opposite: that while use of the mark may have been temporarily interrupted by the bankruptcy of the former Fedders North America, Inc., there was always an intention to resume the product line. This is essential, because the key

under the law is intent.  Plaintiff's burden is to "strictly prove" by pointing to "objective evidence" rising to a clear and convincing standard "that among those that had an interest and right to do so, there was no intent to resume use."  *Eh Yacht, LLC v. Egg Harbor, LLC,* 84 F. Supp. 2d 556, 566 (D.N.J. 2000).  On the contrary, the public record establishes the sale of the goodwill and marks of Fedders to a successor in interest and the clear and unambiguous efforts of the successor to maintain the mark.

Immediately after the transfer of the mark by Order of the Bankruptcy Court in Delaware, Airwell litigated an abandonment claim brought by Emerson Electric.  Compl. at ¶ 32, 35.  That litigation was concluded with Emerson Electric's withdrawal of the cancellation proceeding and the signing of the Consent Agreement.  In March 2010, several months before the existing registration was to expire, EQK's predecessor filed a new application alleging an intent to use the mark.[3]  While the "intent to use" application arguably is an admission of non-use for some period of time, that same "intent to use" application is direct, objective evidence that rebuts any presumption of an intent to not resume use of the mark.  Similarly, EQK and its immediate predecessors in interest litigated opposition proceedings through 2014.  Ex. F at "Prosecution History."  This conduct, again, is inconsistent with an intent to abandon the mark.

The fact of the sale of goodwill and marks in the 2008 bankruptcy of Fedders North America, the subsequent proceedings before the Trademark Trial and Appeal Board, the recording of the assignments and the filing of an intent-to-use application all directly contradict any inference that there has been an abandonment of the goodwill and marks assigned to Emerson Quiet Kool by Plaintiffs predecessor.

---

[3] The 2010 registration further tacks to the prior registration of the EMERSON QUIET KOOL marks, which are indistinguishable, establishing a first use in 1949.

**F.     All Of Plaintiff's Remaining Claims Fail Because Defendant Is The Lawful Owner Of The Emerson Quiet Kool Trademark**

All of Emerson Electric's claims of trademark infringement under the Lanham Act (Counts I-III) must fail because EQK is the lawful owner since 1983 of the EMERSON QUIET KOOL mark—a mark that traces its use and ownership back to a 1979 registration and first use in commerce in 1949.  Ex. B.  The trademark infringement and unfair competition claims alleged under Delaware statutory and common law (Counts V-VII) likewise fail, being governed by the same standards as under the Lanham Act.  *Sanofi-Aventis*, 453 F. Supp. 2d at 847 n.2; *see also Military Cert. Residential Specialist LLC v. Fairway Ind. Mortg. Corp.*, 251 F. Supp. 3d. 750, 757-758 (D. Del. 2017)**.**  The claim for cybersquatting (Count IV) fails because, quite obviously, EQK has the right to use its own name in an Internet domain, and Plaintiff fails to allege properly the elements of a claim under 15 § U.S.C. 1125(d) (bad faith intent to profit from another's mark.)  The claim for cancellation (Count IX) must fail because Emerson Electric consented to the registration of the EMERSON QUIET KOOL mark.  Finally, Plaintiff's claims that EMERSON QUIET KOOL creates a likelihood of confusion with Emerson Electric is one that should have been raised years ago, and is implausible after so much time especially in the absence of (a) air conditioning or dehumidifier manufacture by Plaintiff, or (b) proof of any actual confusion for years.  Thus, none of the claims asserted by Plaintiff can withstand this motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion and dismiss all claims with prejudice.

POTTER ANDERSON & CORROON LLP


By:  */s/ Philip A. Rovner*
      Philip A. Rovner (#3215)
      Jonathan A. Choa (#5319)
      Alan R. Silverstein (#5066)
      Hercules Plaza
      P.O. Box 951
      Wilmington, DE 19899
      (302) 984-6000
      provner@potteranderson.com
      jchoa@potteranderson.com
      asilverstein@potteranderson.com

Dated:  March 2, 2018         *Attorneys for Defendants*
5658897

15