## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMERSON ELECTRIC CO., <br><br> Plaintiff, <br><br> v. <br><br> EMERSON QUIET KOOL CO. LTD., and HOME EASY LTD., <br><br> Defendants. | C.A. No. 17-1846-LPS-JLH |

### MEMORANDUM ORDER

Pending before the Court is Defendants' Motion to Consolidate Through Trial under Federal Rule of Civil Procedure 42 or Join a Required Party under Federal Rule of Civil Procedure 19. (D.I. 82.) For the reasons summarized below, Defendants' motion is GRANTED-IN-PART and DENIED-IN-PART.

**I.    BACKGROUND**

**A.    The 17-1846 Action**

Plaintiff Emerson Electric Co. ("Emerson Electric") filed a complaint in this Court on December 22, 2017 against Defendants Emerson Quiet Kool Co. Ltd. and Home Easy Ltd. ("Defendants"). (D.I. 1.) Emerson Electric alleges that it uses a number of registered trademarks containing the word "Emerson" for a wide range of products, including products that regulate indoor air, such as air circulators, fans, air conditioning compressors, HVAC controls, humidifiers, and thermostats. (*Id.* ¶¶ 5, 7.)

According to Emerson Electric's complaint, Defendants sell and market air conditioning and dehumidifying products under the mark "Emerson Quiet Kool." (*Id.* ¶ 5.) Emerson Electric's complaint asserts various federal and Delaware state trademark and unfair competition claims

against Defendants (Counts I-VII). The complaint also asserts a breach of contract claim involving a Consent Agreement regarding use of the mark "Emerson Quiet Kool" (Count VIII). The complaint seeks cancellation of the "Emerson Quiet Kool" trademark registration (Count IX), as well as injunctive relief, monetary damages, punitive damages, and attorney's fees and costs. The case is still in the discovery stage, with fact discovery scheduled to close on March 3, 2021. (D.I. 37.)

        **B.**      **The 20-1652 Action**

A separate entity, Emerson Radio Corporation ("Emerson Radio"), filed its own trademark infringement complaint against Defendants on July 21, 2017 in the United States District Court for the District of New Jersey. (*See* C.A. No. 20-1652, D.I. 1.)[1] According to the complaint, Emerson Radio sells household appliances such as compact refrigerators, microwave ovens, wine coolers, coffee makers, toaster and convection ovens, clock radios, audio and video equipment, and other consumer electronic products that bear one of Emerson Radio's registered distinctive marks containing the name "Emerson." (*Id.* ¶¶ 4, 25.)

Emerson Radio's amended complaint alleges various federal and New Jersey state trademark and unfair competition claims against Defendants in connection with their use of the "Emerson Quiet Kool" mark (Counts I-IX). Emerson Radio also seeks cancellation of Defendants' "Emerson Quiet Kool" trademark registration (Count X), as well as injunctive relief, monetary damages, punitive damages, and attorney's fees and costs.

---

[1] The complaint was amended on September 19, 2017. It alleges the same claims. (*Id.*, D.I. 30.)

The Emerson Radio case was transferred to this Court on December 3, 2020. (C.A. No. 20-1652, D.I. 141.) Fact and expert discovery is purportedly complete in that case, but it has not yet been scheduled for trial. (*See* C.A. No. 17-1846, D.I. 83 at 11.)

### C. Defendants' Motion in the 17-1846 Action

Shortly after the Emerson Radio case was transferred to this district, Defendants filed the pending motion seeking to consolidate the two cases for trial. In support of its motion, Defendants point out that Emerson Electric and Emerson Radio are parties to a "2004 General Trademark Agreement" that defines the rights and obligations of Emerson Electric and Emerson Radio with respect to trademarks containing the word "Emerson." (D.I. 83, Ex. A.) The agreement specifies the nature and form of the marks that can be used by each company, the products for which they may use the marks, and licensing rights. (*Id.*)

## II. ARGUMENT

### A. Consolidation under Rule 42

Defendants first argue that the Court should exercise its discretion under Federal Rule of Civil Procedure 42(a) to consolidate the Emerson Electric and Emerson Radio actions through trial. I disagree.

Rule 42(a) authorizes a court to consolidate actions if they involve a common question of law or fact. It provides:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

3

Fed. R. Civ. P. 42(a).

"While decisions to consolidate are discretionary, the court should 'balance considerations of efficiency, expense, and fairness.'" *Bos. Sci. Scimed, Inc. v. Edwards Lifesciences Corp.*, No. 16-275-JFB-SRF, 2018 WL 6040261, at *1 (D. Del. Nov. 9, 2018) (quoting *Resnik v. Woertz*, 774 F. Supp. 2d 614, 624 (D. Del. 2011)). "The court must weigh 'the savings of time and effort gained through consolidation . . . against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions.'" *Id.* (quoting *Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 196–97 (D. Del. 2012)). The moving party bears the burden to demonstrate that consolidation is appropriate. *Borough of Olyphant v. PPL Corp.*, 153 F. App'x 80, 82 (3d Cir. 2005).

I conclude that Defendants have failed to demonstrate that considerations of efficiency and fairness outweigh the inconvenience, prejudice, and potential delay that Emerson Electric would suffer if the actions were consolidated for trial. As an initial matter, I disagree with Defendants regarding the extent of the efficiencies that could be realized through consolidation. Defendants make much of the fact that their own products and marks are the same in each action and that both plaintiffs are asserting trademark and unfair competition claims. But just because the cases involve similar legal theories doesn't mean that it would be efficient to try them together. For example, whether Emerson Electric's trademarks are infringed is a distinct question from whether Emerson Radio's marks are infringed, and the two trials will involve separate proofs. To succeed on a claim of federal trademark infringement, "a plaintiff must prove that: (1) it owns the mark; (2) the mark is valid and legally protectable; and (3) defendant's use of the mark to identify goods or services is likely to create confusion." *New Balance Athletics, Inc. v. USA New Bunren Int'l Co. Ltd. LLC*, 424 F. Supp. 3d 334, 346 (D. Del. 2019) (citing *A & H Sportswear, Inc. v. Victoria's Secret Stores,*

4

*Inc.*, 237 F.3d 198, 210 (3d Cir. 2000), *recons. den. in part,* No. 17-1700-MN, 2020 WL 5593928 (D. Del. Sept. 18, 2020)). With respect to the first two elements, there will be little or no factual overlap between the two cases. As for the third, courts typically assess ten factors to determine whether there is a likelihood of confusion between the plaintiff's mark and the allegedly infringing mark. *Id.* While it is true that there will be some factual overlap because Emerson Electric and Emerson Radio are each accusing Defendants' same products and marks of infringement, assessment of the ten factors for each plaintiff is a distinct inquiry and will involve different evidence.[2]

The cases have other differences too. For example, Emerson Electric is asserting a breach of contract claim that (at least as far as I know) has no relevance to Emerson Radio or its claims. The two actions also involve different states' laws. And the defenses in the two cases are different.

Any limited efficiencies that might be gained by consolidating the trials do not outweigh the inconvenience and potential prejudice to Emerson Electric. Emerson Electric and Emerson Radio are represented by different counsel. Emerson Electric does not want another plaintiff at its trial, and it is concerned that a consolidated trial might give jurors the mistaken impression that

---

[2] I note that Emerson Electric and Defendants are each taking positions that are not entirely consistent with those they took in an earlier discovery dispute. (*See* D.I. 61, 62, 64.) There, Emerson Electric asserted that certain of its communications with Emerson Radio were protected by the common interest privilege, which extends the attorney-client privilege to parties with a shared legal interest. Defendants, at that time, argued that no common legal interest existed between Emerson Electric and Emerson Radio.

Although the judge that originally presided over the Emerson Radio action in New Jersey found a common legal interest, contrary to Defendants' assertions, this Court did not. (D.I. 84, Ex. F. 15:2-6 (The Court: "As an initial matter, I'm skeptical about the application of attorney-client privilege to the communications at issue, particularly because I'm not convinced that the parties have the same legal interest in that they had different trademarks.").) The Court concluded that the communications were nevertheless protected by the work product doctrine. (*Id.* 15:6-14.)

the parties are co-owners of the asserted marks. I agree that, given the nature of the claims, there is a real chance of juror confusion if the cases were tried together.

I also take into account that consolidating the two actions for trial could delay Emerson Electric's trial. Emerson Electric's case is currently scheduled for trial in January 2022. Emerson Radio's recently transferred case has not been scheduled for trial, nor has an updated scheduling order been filed or entered in this district. The ongoing COVID-19 pandemic has created a backlog for trial time, and finding time to try the two actions together would carry a risk that Emerson Electric's day in court could be considerably delayed.

I have taken into account Defendants' concern that trying these cases separately might subject it to inconsistent adjudications, for example, if one jury found that Defendants' use of the Emerson Quiet Kool mark on its products infringed Emerson Electric's trademarks and another jury found that Defendants' use on the same products infringed Emerson Radio's trademarks. That speculative possibility does not, in my view, tip the scales in favor of consolidation.

In sum, applying the principles of Rule 42(a), and in the exercise of the Court's discretion with respect to matters of case management, I find that consolidation is inappropriate. The differences between the cases are considerable enough to cancel any benefit gained by consolidation. Accordingly, I deny the request to consolidate through trial.

All that said, I cannot rule out the possibility that some efficiencies could be realized by coordinating the remaining pretrial proceedings for the two actions. *See* Fed. R. Civ. P. 42(a)(3) (authorizing the court to issue "any other orders to avoid unnecessary cost or delay"). Accordingly, I will order Emerson Electric to meet and confer with Defendants regarding whether it would be appropriate to coordinate any remaining pretrial proceedings in the two actions.

B.  **Joinder under Rule 19**

Defendants next argue that Emerson Radio should be joined as a plaintiff in this action under Federal Rule of Civil Procedure 19(a)(1). I disagree.

Rule 19(a)(1)(B)(ii) provides, in pertinent part:

> (a) Persons Required to Be Joined if Feasible.
>
>> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>> . . .
>>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>> . . .
>>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(B)(ii). Defendants argue that Emerson Radio has "an interest" in protecting its marks containing the word Emerson. While that is true, it is a different interest than that of Emerson Electric. The two entities sell different products. Although Emerson Electric and Emerson Radio have a trademark agreement that is alleged to define their respective rights to use marks containing the word Emerson on their products, Emerson Radio's interests are specific to its own products, marks, and rights. This is not a case where two entities share an ownership interest in a single intellectual property right.

I am also unpersuaded by Defendants' argument that, absent joinder, they face a "substantial risk" of incurring double damages obligations. Any damages awarded against Defendants for trademark infringement will be tied to the specific infringement at issue in that action. Defendants' argument seems to rely on the possibility (discussed above) that one jury might find that Defendants' use of the Emerson Quiet Kool mark on its products infringed Emerson

7

Electric's trademarks and another jury might find that Defendants' use on the same products infringed Emerson Radio's trademarks. Even if such a situation were contemplated by Rule 19(a)(1)(B)(ii)'s reference to "double . . . or otherwise inconsistent obligations"—and Defendants haven't cited any authority that it is—I'm unpersuaded that such a risk is "substantial" absent joinder. Nor would joinder necessarily eliminate that risk.[3]

In sum, I find unpersuasive Defendants' argument that Emerson Radio has such an interest in this action that, absent joinder, Defendants will be subject to a substantial risk of incurring multiple or inconsistent obligations. Accordingly, I deny Defendants' request to join Emerson Radio as a plaintiff.

---

[3] Additionally, Emerson Electric has represented to the Court that it is no longer seeking disgorgement of Defendants' profits. (D.I. 87 at 1-2, Ex. A.)

### III. CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

Defendants' Motion to Consolidate Through Trial under Federal Rule of Civil Procedure 42 or Join a Required Party under Federal Rule of Civil Procedure 19 (D.I. 82) is GRANTED-IN-PART and DENIED-IN-PART as follows:

1. Defendants' request to consolidate this action with *Emerson Radio Corp. v. Emerson Quiet Kool Co. Ltd., et. al.*, C.A. No. 20-1652-LPS is DENIED;

2. Defendants' request to join Emerson Radio as a plaintiff in this action is DENIED;

3. Defendants' request to consolidate pretrial proceedings is GRANTED-IN-PART only to explore the possibility of pretrial coordination. Emerson Electric is ordered to meet and confer with Defendants regarding whether it would be appropriate to coordinate any remaining pretrial proceedings in the two actions. The parties shall file a joint status report on or before March 5, 2021.

Dated: February 19, 2021

_____
Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE