IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EMERSON ELECTRIC CO.,

*Plaintiff,*

v.

EMERSON QUIET KOOL CO. LTD., and HOME EASY LTD.,

*Defendants.*

CASE NO. 17-cv-01846-LPS-JLH

**DEFENDANTS' OBJECTIONS TO JUDGE HALL'S FEBRUARY 19, 2021 ORDER**

Dated: March 4, 2021

PANITCH SCHWARZE BELISARIO & NADEL, LLP

*/s/ John D. Simmons*

Of Counsel:

Keith A. Jones (*pro hac vice*)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 965-1330
kjones@panitchlaw.com

John D. Simmons (#5996)
Dennis J. Butler (#5981)
Wells Fargo Tower
2200 Concord Pike, Suite 201
Wilmington, DE 19803
Telephone: (302) 394-6001
jsimmons@panitchlaw.com
dbutler@panitchlaw.com

*Counsel for Defendants*

**TABLE OF CONTENTS**

I. Standard of Review ........ 1
II. Brief Factual Summary ........ 1
III. Argument ........ 2
A. Judge Hall's Order Errs in its Analysis of Consolidation Under Rule 42 ........ 2
B. Judge Hall's Opinion Misapplies the Required Party Analysis Under Rule 19 ........ 8
IV. Conclusion ........ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*101 W. 136th St. Realty Corp. v. Sec'y of United States Dep't of Hous. & Urban Dev.*, No. 87 Civ. 1373 (RJW), 1988 U.S. Dist. LEXIS 12991 (S.D.N.Y. Nov. 23, 1988)..............10

*In re Cendant Corp. Litig.*, 182 F.R.D. 476 (D.N.J. 1998)..........2, 6

*In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortg. Loan Litig.*, 418 F.3d 277 (3d Cir. 2005)..........8

*EEOC v. City of Long Branch*, 866 F.3d 93 (3d Cir. 2017)..........1

*Manning v. Manning*, 304 F.R.D. 227 (S.D. Miss. 2015)..........10

*Resnik v. Woertz*, 774 F. Supp. 2d 614 (D. Del. 2011)..........7

**Statutes**

28 U.S.C. § 636(b)(1)(A)..........1

**Other Authorities**

Fed. R. Civ. P. 19..........8, 9, 10

Fed. R. Civ. P. 42..........2, 6, 10

Fed. R. Civ. P. 72(a)..........1

*8 Moore's Federal Practice - Civil § 42.10[1][a]* (2020)..........3

Pursuant to Fed. R. Civ. P. 72(a), Local Rule 72.1(b), and 28 U.S.C. § 636(b)(1)(A), Defendants Emerson Quiet Kool Co. Ltd. and Home Easy Ltd. hereby file these Objections to Magistrate Judge Hall's February 19, 2021 Order, D.I. 103 ("the Order" or "the Opinion"). Defendants object to the Order's application of the law with respect to both Defendants' Request to Consolidate this case with C.A. No. 20-1652 and in their alternative request to add Emerson Radio Corp. to this case as a required co-Plaintiff. Defendants also submit that Judge Hall clearly erred in applying certain facts to the required party analysis, as set forth below.

## I. STANDARD OF REVIEW

On review of "a magistrate judge's order regarding a nondispositive matter, the district court 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.' This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting Fed. R. Civ. P. 72(a)).

## II. BRIEF FACTUAL SUMMARY

This case is one of two in which Defendants are being accused of trademark infringement for their use of the mark EMERSON QUIET KOOL on portable air conditioners and dehumidifiers despite nearly 70 years of co-existence between Defendants' predecessors and the Plaintiff in each case. Defendants and their predecessors began using the EMERSON QUIET KOOL mark in around 1949, but suddenly in 2017, Plaintiff Emerson Electric Co. ("Emerson Electric") and Emerson Radio Corp. ("Emerson Radio") (together, the "Two Plaintiffs" or "Both Plaintiffs") acted together to file trademark infringement cases against Defendants in separate jurisdictions. As set forth more fully in Defendants' Opening Brief (D.I. 83, at 3-8), Emerson Radio filed in the District of New Jersey asserting various forms of trademark infringement

claims, seeking damages, cancellation of Defendants' trademark registration, and an injunction. Emerson Electric filed in this District, asserting the same claims and seeking the same remedies.

Working together under a General Trademark Agreement first executed in 1991 and later restated in 2004, the Two Plaintiffs executed a 2017 Common Interest Agreement specifically for the purpose of suing Defendants, albeit in separate jurisdictions and in separate lawsuits. This Agreement makes clear that Both Plaintiffs have the same legal interest (preventing Defendants from using the EMERSON trademark, as each Plaintiff uses it in conjunction with its respective logo). Due to that identical interest, Both Plaintiffs claimed privilege over their communications with one another, preventing Defendants from gaining access to hundreds of highly relevant documents shedding light on what each Plaintiff believes the scope of its trademark rights to be.

Due to the increasing amount of overlap between the two cases, Defendants began efforts to bring them together in late Summer 2020. Emerson Radio agreed to transfer its case from the District of New Jersey to this District and to consolidate with this case through trial. That case is now pending before this Court as C.A. No. 20-1652. Emerson Electric, however, opposed.

## III. <u>ARGUMENT</u>

### A. Judge Hall's Order Errs in its Analysis of Consolidation Under Rule 42

The Order largely misapplies the law regarding consolidation under Rule 42 by focusing almost exclusively on alleged *differences* between the two cases, rather than the *similarities*. But Rule 42 does not "demand[] that actions be identical before they may be consolidated. Rule 42 requires only a common question of law or of fact…."' *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998) (quoting Fed. R. Civ. P. 42).[1] In fact, "[c]ommon questions of law and

[1] The *In re Cendant* Court even consolidated class action claims based on non-overlapping misrepresentations by the defendant that caused distinct damages. The Court consolidated because ***the claims arose "from a common course of conduct***," even though the specific wrongs were different. 182 F.R.D. at 478 (emphasis added). That is exactly the case here – both cases

fact ***do not*** have to predominate. ***All that is required*** is that the district court find they exist and that consolidation will prove beneficial." *8 Moore's Federal Practice - Civil § 42.10[1][a]* (2020) (emphasis added).

The Order omits almost any discussion about the similarities between the two cases, which would promote efficiency and reduce expense at no risk of delay or prejudice to Emerson Electric. For example, the Order does not discuss *any* testimony that will need to be offered by Defendants' witnesses, effectively all of which will be identical in both cases. Defendants will need to testify in both matters about their acquisition and the chain-of-title of the EMERSON QUIET KOOL mark. D.I. 92, at 2. Defendants will also testify about the trademark registration for EMERSON QUIET KOOL filed by their predecessor in 2010 and the Consent Agreement entered into between Defendants' predecessor and Emerson Electric.[2] *Id*. Due to Both Plaintiffs' claims of abandonment around 2008-2012, Defendants will present the same evidence in both cases regarding use and intent to resume use of their mark at that time. *Id*. Defendants also intend to call witnesses from Both Plaintiffs to testify about the 2004 General Trademark Agreement in both cases so the jury can weigh each Plaintiff's rights against the other.[3] *Id*. The Order is silent on the inefficiency of requiring all of this testimony and evidence to be presented twice to two juries.

---

arise from Defendants' conduct in acquiring the EMERSON QUIET KOOL mark and selling products under that mark, even if certain specific alleged wrongs might be different.

[2] This Consent Agreement is not only relevant to Emerson Electric. Under the 2004 General Trademark Agreement, Emerson Electric and Emerson Radio were required to exchange information regarding third-party use of the EMERSON name. D.I. 92, at 9. Emerson Electric's notice of the Consent Agreement to Emerson Radio is therefore relevant to Defendants' laches defense in each case.

[3] There can be no overlap in rights, which the Two Plaintiffs agreed in the 2004 General Trademark Agreement. D.I. 92, at 4.

The Order also misapplies the analysis on the central legal issue of this case – federal trademark infringement. That analysis centers on the need for a plaintiff to prove that "(1) it owns the mark; (2) the mark is valid and legally protectable; and (3) defendant's use of the mark to identify goods or services is likely to create confusion." D.I. 103, at 4 (citing *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000). Judge Hall found that "there will be little or no factual overlap" regarding the first two factors. *Id*., at 5. This is untrue. Each Plaintiff will have to prove that it owns "the mark," but without testimony and evidence from each Plaintiff, the jury will be unclear as to what "the mark" actually is. The metes and bounds of each Plaintiff's claim to EMERSON have not been established, and it would be prejudicial to Defendants to have separate factfinders make this determination in separate cases based on inconsistent evidence. D.I. 83, at 2.

With respect to the third factor (confusion), the Order ignores all the analysis of this issue presented in Defendants' Reply Brief. Instead, with no citation to the record, the Order finds that there will be little factual overlap and "assessment of the ten factors for each plaintiff is a distinct inquiry and will involve different evidence." D.I. 103, at 5. As argued in the Reply Brief, more than half of the ten relevant factors are based *on the same evidence* in both cases: whether the "Emerson" in EMERSON QUIET KOOL is confusingly similar to the "Emerson" in the marks asserted by the Two Plaintiffs (factor 1); the scope of each Plaintiff's rights as defined by the 2004 General Trademark Agreement (factor 2); the price, nature, and description of Defendants' accused products bearing the EMERSON QUIET KOOL mark (factor 3); the consumers of Defendants' goods (factor 3); the length of time Defendants and their predecessors have used the EMERSON QUIET KOOL mark (factor 4); Defendants' intent in adopting the EMERSON QUIET KOOL mark (factor 5); the channels of trade through which Defendants' goods are sold

(factor 7); and the channels through which Defendants' goods are advertised (factor 7). That a different legal conclusion may be reached with respect to Both Plaintiffs does not eliminate the judicial efficiency in only presenting this evidence one time.

Moreover, the Order casts aside in a footnote the Two Plaintiffs' extensive history in cooperating to enforce their marks against Defendants in these matters. D.I. 103, f.n. 2. The Two Plaintiffs signed a Common Interest Agreement months before filing their Complaints in 2017 to memorialize this coordination and both refused to produce their communications with one another based on a claimed privilege flowing from the Agreement, repeatedly arguing their legal "interest ***is the same***…." D.I. 83, at 10 (emphasis added). That Agreement even admits the Two Plaintiffs "have interests in common relating to asserting their respective rights" in these cases. D.I. 92, at 9. Since the execution of the Agreement, the Two Plaintiffs have exchanged over 150 communications regarding their cases. D.I. 83, at 10. The Plaintiffs thus argued to this Court and to the District of New Jersey that they have "the same" legal interest in order to prevent Defendants from accessing communications between them that are directly relevant to the scope of their marks, but now claim to have very different legal interests from each other to get what they want in this context. Judge Hall acknowledged this about-face but gave no explanation as to how it impacted her analysis. Defendants submit that Plaintiffs cannot use their supposed privilege as both a sword and a shield.

Judge Hall also erred in her determination that Emerson Electric's breach of contract claim has no relevance to Emerson Radio's case. D.I. 103, at 5. As also noted in Defendants' Reply Brief, that breach of contract claim is merely a repackaged trademark infringement claim. D.I. 92, at 7. That claim factually overlaps with Emerson Radio's case for the same reasons as the trademark infringement claims, as described above. Further, there is little, if any, added

evidence to be presented on that claim that is not relevant to Emerson Radio's case – the claim is predicated on a supposed breach of the Consent Agreement described above. Most or all of the evidence regarding the parties' actions in forming that Agreement are relevant to the laches defense against Emerson Radio, because Emerson Electric was required to inform Emerson Radio of these facts under the 2004 General Trademark Agreement, as described above. In fact, absent consolidation, witnesses from each of the Two Plaintiffs will be called to testify about their respective rights under that Agreement in each of the respective cases.

To sum up, the similarities in these two cases are extensive. Both cases are, with little else, trademark infringement actions in which Both Plaintiffs claim ownership of EMERSON trademarks and claim Defendants' portable air conditioners and dehumidifiers infringe those marks through use of the EMERSON QUIET KOOL mark. As explained above and in the original briefing, large swaths of the evidence implicated in those claims is identical. As also explained above and before, almost all of Defendants' testimony and witnesses are identical between the cases, and it will also be necessary to elicit the same testimony from representatives of Both Plaintiffs regarding the 2004 General Trademark Agreement in both cases. In addition, Both Plaintiffs seek to cancel Defendants' registration for EMERSON QUIET KOOL. D.I. 83, at 4. As cited above, that should be the end of the discussion under the relevant law - Rule 42 does not "demand[] that actions be identical before they may be consolidated. Rule 42 requires only a common question of law or of fact….'" *In re Cendant*, 182 F.R.D. at 478.

Despite that, the Order not only overlooked all of the factual overlap, it also overstated the differences between the two cases and the supposed prejudice to Emerson Electric. For example, Judge Hall found that "a consolidated trial might give jurors the mistaken impression that the parties are co-owners of the asserted marks. I agree that, given the nature of the claims,

there is a real chance of juror confusion if the cases were tried together." D.I. 103, at 5-6. Judge Hall's finding in this regard does not consider the simple solution proposed in Defendants' Reply Brief: the Court can simply instruct the jury that the Two Plaintiffs have distinct rights rather than co-ownership of a mark, and the Plaintiffs' own experienced attorneys should have no difficulty making this clear in their opening and closing statements. D.I. 92, at 4. The Order gives no explanation as to why this is not a satisfactory solution. Further, testimony from each corporate representative about the 2004 General Trademark Agreement should set forth what each of the Two Plaintiffs understood its rights are to the EMERSON mark(s).

The Order also found potential delay in that Emerson Electric's case is scheduled for trial in January 2022, while Emerson Radio's case is not yet scheduled. It concluded that finding time to try both cases together could result in considerable delay to Emerson Electric. D.I. 103, at 6. However, no explanation is given as to why Emerson Radio cannot simply be added to the already-scheduled trial. As noted in the prior briefing, Emerson Electric has only disclosed two potential fact witnesses and Emerson Radio disclosed one, while Defendants only intend to call two fact witnesses. D.I. 92, f.n. 6. Defendants expect that both trials could comfortably fit within the five days already allotted for trial in January 2022.

In total, Judge Hall's analysis fails to properly "balance considerations of efficiency, expense, and fairness." *Resnik v. Woertz*, 774 F. Supp. 2d 614, 624 (D. Del. 2011). As noted above, efficiency and reduction of expenses will be promoted by having a single trial with Both Plaintiffs present. The evidence and testimony that will be presented identically in both cases by all parties, as well as their experts, is legion, even if the resulting legal analysis may slightly differ. Judge Hall too heavily focused on the possibility of each Plaintiff receiving a different conclusion, rather than on the simple efficiency by presenting all these facts one time to one jury and allowing that jury to make whatever number of conclusions is necessary. The Order also did not consider the

reduced burdens on the citizens of Delaware by empaneling only one jury to try these cases. The Order instead focused on the supposed differences between these cases, but overlooked that to whatever extent the cases are different, those portions of testimony or pieces of evidence must be presented to a jury either way. Whether there is one trial or two, the discrete portions of these cases will take the same amount of time for the parties, for the Court, and for the jury or juries.

The Order also misapplied the level of fairness achieved by one trial as opposed to two. The only consideration in support of two trials is that the jury may be confused by a single trial, but as explained above, any such confusion is easily remedied. Emerson Radio clearly recognizes so and does not oppose consolidation. D.I. 83, at 7-8. As such, no unfairness results from consolidation. *See also In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortg. Loan Litig.*, 418 F.3d 277, 298 n.12 (3d Cir. 2005) (citing *Johnson v. Manhattan Ry. Co*., 289 U.S. 479, 496-97 (1933)) (noting that Plaintiff's rights are not compromised by consolidating cases).

**B. Judge Hall's Opinion Misapplies the Required Party Analysis Under Rule 19**

Under Fed. R. Civ. P. 19, an absent party should be joined if it claims an interest relating to the subject of the action, joinder is feasible, and failure to join leaves an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Judge Hall's Opinion found that Emerson Radio does not have an interest in this matter and that Defendants are not subject to risk of a double obligation in Emerson Radio's absence.

With respect to Emerson Radio's interest in this case, Judge Hall's Opinion clearly erred in its evaluation of the facts. In their Common Interest Agreement, Emerson Radio and Emerson Electric admitted they "***have interests in common relating to asserting their respective rights***" in these cases. D.I. 92, at 9 (emphasis added). The Two Plaintiffs then used these common interests to claim privilege over documents that would be highly useful for Defendants to ascertain and show to the jury what each Plaintiff believes the scope of its trademark rights is. In

arguing for this privilege, Emerson Electric repeatedly emphasized to the Court that it "share[s]" a "common legal interest" with Emerson Radio, while Emerson Radio argued to the District of New Jersey that "Emerson Radio and Emerson Electric's interest ***is the same***…." D.I. 83, at 5-6. Both Plaintiffs having already admitted (when it suited them) that they have the same legal interest, it was clear error for Judge Hall to find that Emerson Radio does not have an interest in Emerson Electric's case (especially in light of the overlapping issues identified above).

Judge Hall also misapplied the law and relied on clearly erroneous facts in evaluating whether Defendants face a potential double obligation. When this motion was originally filed, the potential double recovery was that both Plaintiffs sought complete disgorgement of the same profits earned by Defendants on the same exact set of product sales (portable air conditioners and dehumidifiers), money which logically cannot be paid to one Plaintiff if it has already been paid to the other. Judge Hall found that "[a]ny damages awarded against Defendants for trademark infringement will be tied to the specific infringement at issue in that action." D.I. 103. However, no explanation is given as to how this is ensured, and the Opinion does not discuss Defendants' concern that because the burden is on Defendants to apportion their profits between the two Defendants (D.I. 83, at 11), evidence regarding Both Plaintiffs must be in front of the factfinder to properly make that apportionment. Because Plaintiffs claimed privilege over that evidence, Defendants cannot present it at trial unless Both Plaintiffs' witnesses are there for questioning. Judge Hall also found that the risk of being found liable to both Plaintiffs is not "substantial," largely because Defendants did not cite any authority suggesting that this is a scenario contemplated by Rule 19, and that joinder would not necessarily eliminate that risk. D.I. 103, at 7-8. Regarding the former issue, Defendants submit that this scenario is unique and the absence of case law on the issue does not render the Rule inapplicable. Rather, it is self-

evident that two separate juries readily can and will come to differing conclusions even on similar issues. *See also Manning v. Manning,* 304 F.R.D. 227, 230 (S.D. Miss. 2015) ("There is no precise formula for deciding whether joinder is required under Rule 19(a); instead, determinations under the Rule are heavily influenced by the particulars of individual cases.").

Regarding the latter issue, the plain language of the Rule shows that complete elimination of the risk of multiple recoveries is not the standard. Rather, the Rule plainly states that if Defendants are exposed to "a substantial risk" of multiple obligations (Rule 19(a)(1)(B)(ii)), Emerson Radio "must be joined" (Rule 19(a)(1)) if the other conditions are met. Nowhere does the Rule contemplate how likely joinder is to remedy the risk. *See also 101 W. 136th St. Realty Corp. v. Sec'y of United States Dep't of Hous. & Urban Dev.,* No. 87 Civ. 1373 (RJW), 1988 U.S. Dist. LEXIS 12991, at *33 (S.D.N.Y. Nov. 23, 1988) (If a party is required and "[i]f joinder is feasible, the Court must order it….").

Finally, Judge Hall's reliance on Emerson Electric's withdrawal of its request for disgorgement is a clear factual error. As stated in Defendants' Reply Brief, Emerson Electric still seeks compensatory contract damages and punitive damages. D.I. 92, at 6-7. To the extent Defendants are expected to pay those damages from the same pool of money as the profits sought by Emerson Radio, Defendants are still subject to a double recovery.

## IV. CONCLUSION

For the reasons stated above and in the original briefing, Defendants respectfully submit that the February 19, 2021 Order erred in its application of Fed. R. Civ. P. 42 and 19. Defendants respectfully request this Court overrule that Order and either consolidate this case with C.A. No. 20-1652 through trial or add Emerson Radio Corp. as a required co-Plaintiff in this case.

Dated: March 4, 2021

PANITCH SCHWARZE BELISARIO & NADEL, LLP

*/s/ John D. Simmons*

John D. Simmons (#5996)
Dennis J. Butler (#5981)
Wells Fargo Tower
2200 Concord Pike, Suite 201
Wilmington, DE 19803
Telephone: (302) 394-6001
jsimmons@panitchlaw.com
dbutler@panitchlaw.com

Of Counsel:

Keith A. Jones (*pro hac vice*)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 965-1330
kjones@panitchlaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing system (CM/ECF). Notice of this filing will be sent by email to all parties by operation of the Court's CM/ECF system and service is being made on all parties through the CM/ECF system.

Dated: March 4, 2021

*/s/ John D. Simmons*

John D. Simmons

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EMERSON ELECTRIC CO., *Plaintiff,* v. EMERSON QUIET KOOL CO. LTD., and HOME EASY LTD., *Defendants.* | ) | CASE NO. 17-cv-01846-LPS-JLH |

**CERTIFICATION TO DEFENDANTS' OBJECTIONS TO JUDGE HALL'S FEBRUARY 19, 2021 ORDER**

Pursuant to the Court's October 9, 2013 Standing Order for Objections Filed Under Fed. R. Civ. P. 72, Defendants certify that their Objections to Judge Hall's February 19, 2021 Order (D.I. 103) do not raise any legal or factual arguments that were not previously presented in briefing or oral argument.

Dated: March 4, 2021

PANITCH SCHWARZE BELISARIO & NADEL, LLP

*/s/ John D. Simmons*

John D. Simmons (#5996)
Dennis J. Butler (#5981)
Wells Fargo Tower
2200 Concord Pike, Suite 201
Wilmington, DE 19803
Telephone: (302) 394-6001
jsimmons@panitchlaw.com
dbutler@panitchlaw.com

Of Counsel:

Keith A. Jones (*pro hac vice*)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 965-1330
kjones@panitchlaw.com

*Counsel for Defendants*